UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ESTATE OF MARK A. WESTLAKE, et al., | ) ) ) |
| Plaintiffs | ) ) |
| vs. | ) CAUSE NO. 4:10-CV-81 RM ) |
| DANIEL HREHA, JR., et al., | ) ) |
| Defendants | ) |

OPINION and ORDER

The court has the obligation to inquire into its own subject matter jurisdiction. Thomas v. Guardsmark, LLC, 487 F.3d 531 (7th Cir. 2007). The plaintiffs' amended complaint doesn't allege the existence of jurisdiction. First, the amended complaint contains allegations of the state in which Mark Westlake resided before his death and the states in which Melissa Westlake, and Daniel Hreha, Jr. currently reside, but residency isn't citizenship, Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998), and jurisdiction depends on citizenship of each party at the time the case begins. Denlinger v. Brennan, 87 F.3d 214, 216 (7th Cir. 1996). Additionally, 28 U.S.C. § 1332(c) provides that a corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. The complaint alleges that Ace World Wide Moving & Storage Co., Inc. has its principal place of business in Wisconsin, but the amended

complaint contains no allegations relating to the state of incorporation of that defendant. Thomas v. Guardsman, LLC, 487 F.3d at 533.

Although the case might be subject to dismissal on these grounds, the court instead affords the plaintiffs twenty days from the date of this order within which to file a second amended complaint alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332. Apex Digital, Inc. v. Sears, Roebuck & Co., 572 F.3d 440, 445 (7th Cir. 2009) (*citing* Hemmings v. Barian, 822 F.2d 688, 693 (7th Cir. 1987)).

SO ORDERED.

ENTERED:   December 17, 2010


    /s/ Robert L. Miller, Jr.
Judge, United States District Court